The CENTRAL TRUST COMPANY, N.A.,
Plaintiff and Counterclaim
Defendant,

v.

AMERICAN AVENTS CORPORATION,
et al., Defendants and Counterclaim
Plaintiffs and Third–Party Plaintiffs,

v.

James P. ADAMCZYK, Third–
Party Defendant.

Civ. A. No. C–1–88–883.

United States District Court,
S.D. Ohio, W.D.

May 26, 1989.

Mark A. VanderLaan, John Slauson, Neal Baker, Cincinnati, Ohio, for plaintiff and counterclaim defendant.

D. Michael Poast, Cincinnati, Ohio, Ronald S. Gilbert, Orlando, Fla., for defendants and counterclaim plaintiffs and third-party plaintiffs.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION

JACK SHERMAN, Jr., United States Magistrate.

This matter is before the Court upon consent of the parties for final disposition (doc. 25). Trial to the Court occurred on Monday, April 10 through Thursday, April 13, 1989. On October 13, 1988, Plaintiff Central Trust Company, N.A. (CTC) filed a complaint for declaratory judgment as to its fiduciary obligation as Trustee for the American Avents Corporation Employee Stock Ownership Trust (Trust) (doc. 1). On November 4, 1989, Defendants American Avent Corporation, J. Michael Fields, David J. Watt and Joanne Watt filed an answer and counterclaim against Plaintiff CTC and a third-party complaint against third-party Defendant James P. Adamczyk (doc. 2). All claims against third-party Defendant Adamczyk have been severed from this proceeding. All state law claims filed in this case have been severed from this proceeding.

Simply stated, Plaintiff CTC seeks a court order that it is in the best interest of the participants and beneficiaries of the Trust and a fiduciary obligation of the plaintiff under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., to sell all shares of stock in the Trust to James Adamczyk who has tendered an offer of $12.00 per share. Defendants, on the other hand, claim that such a sale by CTC as Trustee of the Trust would be a breach of CTC's fiduciary duties under ERISA, would violate a provision of the Internal Revenue Code, and would wrongfully disregard pass-through voting rights and the will of the shareholder/participants in the Trust.

In accordance with Federal Rule of Civil Procedure 52(a), this Court does hereby state its Findings of Fact, Conclusions of Law, and renders its decision.

### FINDINGS OF FACT

1. American Avents Corporation (AAC) is an Ohio corporation with its principal place of business at 2217 Park Avenue, Cincinnati, Ohio 45205. AAC is in the business of owning and operating: a night club; a video production business; a retail video rental store; and a real estate management company. David J. Watt (Watt) is a shareholder, a Director, and

President of AAC. J. Michael Fields (Fields) is a shareholder, a Director and the Vice President and Treasurer of AAC. Joanne Watt is a shareholder and Director of AAC.

2. Effective October 1, 1974, AAC created an employee stock ownership trust known as the "American Avents Corporation Employee Stock Ownership Trust" (hereinafter referred to as "the Trust"). The Trust is an employee pension benefit plan as defined in 29 U.S.C. § 1002(2)(A), and is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* JT Ex. III. (The terms "Trust" and "Plan" are used synonymously in this decision.)

3. Participants in the Trust are all employees or former employees of AAC.

4. The Central Trust Company, N.A. (CTC), since its purchase of the Southern Ohio Bank in 1985, has served as the sole trustee for the Trust. As such, it is a fiduciary to the Trust participants.

5. AAC has 127,583 shares of no par common stock outstanding of which 104,670 shares are allocated to participants' accounts in the Trust. This constitutes approximately 80% of the outstanding shares in AAC. 22,913 shares are owned directly by employees of AAC (except for 200 shares, which are owned by a non-employee). Watt owns 30,732 shares allocated to his account in the Trust and 18,659 shares outside the Trust. Fields owns 9,789 shares allocated to his account in the Trust and 2,904 shares outside the Trust. Joanne Watt owns 4,209 shares allocated to her account in the Trust.

6. Watt and Fields are the only members of the Trust Committee (Committee). As such, they are fiduciaries to the Trust participants.

7. On April 1, 1985, the Board of Directors of AAC amended the Trust (Section 7.6) to provide for participant voting of shares allocated to their accounts on all matters requiring shareholder approval (known as "pass-through voting").

8. On October 25, 1985, the Board of Directors of AAC amended the Trust (Section 6.6) to provide that AAC and the participants affected must approve any sale of shares allocated to a participant's account in the Trust. JT Ex. III–52.

9. On November 14, 1985, at a special meeting of shareholders, a majority of shares in AAC (including the shares held in the Trust) were voted to amend AAC's Code of Regulations (the "Regulations") to include a "Control Share Acquisition" provision. Under Article 13 of the Regulations, a majority of the shares of AAC must be voted to approve any change in control of AAC. JT Ex. IV–2.

10. On February 19, 1988, the Board of Directors of AAC amended the Trust (Section 12.3.15), giving the Administrative Committee the discretion to consider or not to consider any offer for the purchase of all or any of the shares in the Trust.

11. On February 19, 1988, the Board of Directors of AAC amended the Trust (Section 6.7), requiring that any person who offers to purchase shares in the Trust must deposit a sum with the trustee which, in the sole discretion of the Committee, would be sufficient to cover expenses incident to the consideration of the subject offer. Under this revision, neither CTC nor the Committee may consider an offer unless and until such deposit is made.

12. On June 13, 1988, the Board of Directors of AAC amended the Trust, giving each participant the right to direct CTC as to the manner in which voting rights should be exercised with respect to any corporate matter which involves the voting of such shares including the approval or disapproval of any corporate merger or consolidation, recapitalization, reclassification, liquidation, dissolution, sale of substantially all assets of a trade or business, or such similar transaction as may be prescribed in Treasury Regulations.

13. The Board of Directors of AAC has voted to terminate the Trust which, in the absence of a sale of the Trust shares to James P. Adamczyk (Adamczyk), will provide the participants with $5.00 per share or less. The termination of the Trust is subject to approval by the Internal Revenue Service.

14. Adamczyk is a former employee of AAC who also owns 4,630 shares in the Trust. On August 9, 1988, Adamczyk made an offer to purchase not less than all of the common shares of AAC held in the Trust for a price of $12.00/share resulting in a total purchase price of $1,256,040 payable in cash at the closing.

16. Adamczyk's offer of August 9, 1988 has been amended to include an offer to purchase the validly issued outstanding shares of AAC held outside the Trust.

17. CTC obtained information, including the valuation report of Dr. Lew Melnyk (Plaintiff's Exs. 21 through 21–25) and the valuation reports of David O. McCoy (Joint Exs. V, VI and VIII) which enabled it to make a reasonable, prudent, skillful and diligent determination of the value of shares in the Trust at the time of Adamczyk's offer.

18. Fields and Watt refused to cooperate with CTC's efforts to value the shares in the Trust at or about the time of Adamczyk's offer.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1104 and 29 U.S.C. § 1132 for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Under 29 U.S.C. § 1103(a), CTC has exclusive authority and discretion to manage and control the assets of the Trust.

3. Under 29 U.S.C. § 1104(a)(1), CTC and the Committee (Watt and Fields) must discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries.

4. Under 29 U.S.C. § 1104(a)(1)(A)(i), CTC and the Committee (Watt and Fields) must discharge their fiduciary duties with respect to the Plan for the exclusive purpose of providing benefits to the participants and their beneficiaries and deferring reasonable expenses of administering the Plan.

5. Under 29 U.S.C. § 1104(a)(1)(B), CTC and the Committee (Watt and Fields) must discharge their fiduciary duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. *Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154, 1162 (6th Cir.1988).

6. Under 29 U.S.C. § 1104(a)(1)(D), CTC and the Committee (Watt and Fields) must discharge their fiduciary duties with respect to the Plan in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provision of ERISA, 29 U.S.C. § 1001 *et seq. Morse v. New York State Teamsters Conference Pension & Retirement Fund*, 580 F.Supp. 180 (W.D.N.Y.1983), *aff'd* 761 F.2d 115 (2d Cir.1985).

7. 29 U.S.C. § 1109(a) provides any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of § 1111 of this title.

8. Internal Revenue Code 26 U.S.C. § 409(e)(3) protects pass-through voting rights of participants only where those voting rights were attached to the stock at the time the stocks were placed in the trust. *Schoenholtz v. Doniger*, 657 F.Supp. 899 (S.D.N.Y.1987).

9. Trustees of an Employee Stock Ownership Plan must discharge their duties by evaluating the best interests of the beneficiaries in the abstract as beneficiaries, *Danaher Corp. v. Chicago Pneumatic Tool Co.*, 635 F.Supp. 246 (S.D.N.Y.1986), not as directors who may lose control of the company nor as employ-

ees, some of whom may lose their jobs if control of the company changes hands.

█ 10. It is inappropriate for a trustee to put aside personal judgment in favor of carrying out the wishes of the Trust participants. *Danaher Corp., supra.*

█ 11. Trust documents must generally be construed in light of ERISA's policies and trust documents cannot excuse trustees from their duties under ERISA. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport,* 472 U.S. 559, 568, 105 S.Ct. 2833, 2839, 86 L.Ed.2d 447 (1985).

█ 12. Pass-through voting is not improper per se, *Vance v. Bank of America National Trust and Savings Assoc.,* Case No. 84–3359 (C.D.Cal. May 14, 1984), but is inappropriate when the exercise thereof conflicts with the fiduciary obligations imposed by ERISA.

## DECISION

█ Plaintiff has determined that its fiduciary duties to the plan participants and the best interests of the plan participants require that Plaintiff tender the shares in the Trust to Adamczyk pursuant to his offer. It is clear that the Trust is an employee pension benefit plan which is governed by ERISA. ERISA provides in pertinent part as follows:

... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ...

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments

are consistent with the provisions of this subchapter....

29 U.S.C. § 1104 (1985).

Sale of the Trust shares to Adamczyk will provide the participants with $12.00 per share. Plaintiff has determined and the record indicates that without the sale the Trust will be terminated and the participants will receive $5.00 per share, and that this amount is not guaranteed.

Defendants object to the sale of the Trust shares to Adamczyk and contend that if carried out will constitute a violation by plaintiff of its fiduciary duties to the Trust participants. Defendants contend that pass-through voting (participant voting of shares allocated to their accounts on all matters requiring shareholder approval) by participants on Adamczyk's offer is required by both ERISA and the Trust and that $12.00 per share is inadequate and unfair and not in the best interest of the Trust participants. Defendants further contend that plaintiff violated its fiduciary duties to the Trust participants by failing to exercise due diligence in investigating the merits of Adamcyzk's $12.00 per share offer.

A pass-through voting provision is in the Trust agreement. This provision must be properly executed by the Trustee unless execution thereof would be inconsistent with requirements under ERISA. Adamczyk's offer is for not less than all of the shares held in the Trust. It is clear from the evidence that the allowance of pass-through voting in this instance would halt the sale of shares to Adamczyk and not be in the best economic interest of the plan participants and their beneficiaries. Furthermore, such an exercise would constitute a vain act. Section 6.6 of the Trust agreement provides that "AAC and the participants affected must approve any sale of shares allocated to a participant's account in the Trust." Even if all other participants voted in favor of the proposed sale, Fields, Watt and Joanne Watt, who are the Board of Directors of AAC, and who admittedly seek to maintain control of AAC, would disapprove the sale under Sec-

tion 6.6. of the Trust agreement. CTC was correct to decide that to permit pass-through voting in this instance would constitute a violation of its fiduciary duty to the participants and their beneficiaries under ERISA. This holding is not only supported by ERISA, but also by the law of trusts. The Restatement (Second) of Trusts reads in pertinent part as follows:

(1) The court will direct or permit the trustee to deviate from a term of the trust if owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust; and in such case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust.

Restatement (Second) of Trusts § 167 (1959).

The Court finds that Internal Revenue Code, 26 U.S.C. § 409(e)(3) does not require pass-through voting in this instance. It is questionable whether the statutory language of 26 U.S.C. § 409(e)(3) is applicable to the facts of the case. In either event, the purpose of this section of the Code is to protect stockholders from losing pre-existing voting rights attached to stock at the time shares are placed in a trust. Here, participant voting rights were not established in the issuance of shares, but by an amendment to the Trust agreement.

This Court further finds that CTC made a reasonable, prudent, skillful and diligent determination that the sale of shares at $12.00 per share is fair and adequate and in the best interests of the Trust participants and their beneficiaries. CTC also exercised due diligence in evaluating Adamcyzk's ability to carry out his end of the bargain. The agreement is for a cash transaction which assures participants will receive payment for their shares.

This case involves shares of stock in a trust which the Plaintiff–Trustee wishes to utilize for the benefit of the Trust participants and which the Defendants, at the expense of the participants, wish to utilize to maintain control of the company. Under the law of trusts and ERISA the plaintiffs must prevail.

Based upon the foregoing, this Court finds:

1. It is a proper exercise of CTC's fiduciary duties to the Plan participants under 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1104(a)(1)(D), to tender the shares in the Trust to Adamczyk pursuant to his tender offer, and CTC is hereby authorized to do so.

2. Sections 6.6, 6.7, 7.5(b) and 7.6 of the Plan and Article 13 of the Code of Regulations conflict with CTC's obligations under 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1104(a)(1)(A)(i) and authority to tender the shares in the Trust to Adamczyk and, consequently, neither AAC, the Committee, the shareholders, nor the Plan participants may employ these or any other Trust provisions or Code of Regulation provisions to prevent CTC from tendering the shares in the Trust to Adamczyk.

3. As Trustee of the Plan, CTC may recover its attorneys fees and costs in this case from AAC.

4. Defendants' counterclaim against CTC is dismissed.

IT IS SO ORDERED.